Merrimack, }
June 4, 1918. }

## BOW v. JOHN W. PLUMMER, *State Treasurer.*

## BOW v. JOHN W. PLUMMER.

Assumpsit does not lie against the state treasurer in his official capacity to recover money paid by a town under an erroneous assessment.

An appearance by the attorney-general, for a state official in an action brought against him, is not a waiver of the state's immunity from suit, in the absence of express statutory authorization to appear for and to represent the state therein.

The court cannot declare the existence of a trust in any proceeding to which the alleged trustee is not a party.

ASSUMPSIT, to recover money paid by the plaintiff to the defendant, as state treasurer, for its share of the state tax for the year 1914 as claimed by the defendant. The plaintiff insisted that an error had been committed in making the assessment and that it was legally liable for a much smaller sum than the amount assessed against it, which it paid under protest.

Upon the motion of the plaintiff the court dismissed the action as against the defendant individually. The defendant then moved that it be dismissed as against him as treasurer; this motion was denied, and the defendant excepted. Transferred from the April term, 1917, of the superior court by *Chamberlin*, C. J.

*Robert W. Upton*, for the plaintiff.

*James P. Tuttle*, attorney-general, and *Joseph S. Matthews*, assistant attorney-general, for the defendant.

WALKER, J.   As the suit has been dismissed as against the state treasurer in his individual capacity, the question is whether the state, so far as it is represented in this action by the treasurer in his official capacity, may be held liable to respond to the plaintiff's claim.   That the state cannot be sued in our courts, in the absence of a statute authorizing it, or without its consent, either expressly given or clearly implied, is a proposition requiring little discussion. In fact it is axiomatic.   Cooley Const. Lim's 23, *Note; Cunningham* v. *Railroad,* 109 U.S. 446, 451; *Hans* v. *Louisiana,* 134 U. S. 1; *State* v. *Kinne,* 41 N. H. 238; *Opinion of the Justices,* 72 N. H. 601.

No statute has been suggested in argument and none has been found authorizing an action at common law against the state for the recovery of money owed by it to an individual; nor has the legislature authorized its treasurer to represent the state in litigation of that character, or to disburse its moneys in accordance with a judicial judgment upon the merits.   The constitution (*art.* 55) provides that: "No moneys shall be issued out of the treasury of this state and disposed of   .   .   .   but by warrant under the hand of the governor for the time being, by and with the advice and consent of the council, for the necessary support and defense of this state   .   .   .   agreeably to the acts and resolves of the general court."   Accordingly the legislature has provided (P. S., c. 16, s. 4), that the state treasurer "shall pay, out of any moneys not otherwise appropriated, all sums due by virtue of general or special appropriations of the legislature, on warrants drawn by the executive, and the principal or interest of all loans which may at any time become due."   It thus appears that if the defendant desired to pay out of the treasury the amount of the plaintiff's claim he would be unable to do so of his own motion.   He could only draw out the money under an executive warrant, which presumably would not be given except in accordance with a statute authorizing it.   It would therefore be absurd for the court to give a judgment against the defendant in his official capacity, which it would have no power to enforce and which the defendant could not perform.   *Weston* v. *Dane,* 53 Me. 372.   This result shows clearly that while the cause of action is against the state—not the treasurer—the action must fail because the state is not a party.   "Although the State, as such, is not made a party defendant, the suit is against one of its officers *as Treasurer;* the relief sought is a judgment against that officer *in his official capacity;* and that judgment would compel him to pay out of the public funds in the treasury of the State a certain

sum of money. Such a judgment would have the same effect as if it were rendered directly against the State for the amount specified in the complaint." *Smith* v. *Reeves,* 178 U. S. 436, 438, 439.

But it is argued that the appearance of the attorney-general amounts to a consent on the part of the state to submit the cause to judicial investigation and judgment. One difficulty with this argument is that it is based on the erroneous assumption that the sovereign or the legislature . has authorized the attorney-general to bind the state by appearing for the defendant in a suit brought against the head of a governmental department. In other words, the attempt is thus made to bind the state as though it were in fact a party defendant in a suit against the treasurer, upon the ground that the cause of action is against the state and because the attorney-general has appeared. But his appearance cannot have that effect when the state has given him no authority to appear for it. The silence of the legislature upon this subject is equivalent to a prohibition. As the agent of the state, the attorney-general could not exceed the limits of his authorization, and bind the state by proceedings in a suit to which it is not a party and could not be made one.

The cases cited in argument by the plaintiff do not sustain the contention that the state has consented to be bound by the judgment or has waived its immunity from suit. When it is held that there has been such a waiver by the attorney-general or by a state official, the decision is based upon a statute having special reference to the subject-matter of the suit and conferring power upon the official to appear for and represent the state (*People* v. *Railway,* 157 Mich. 144; *McKeown* v. *Brown,* 167 Ia. 489; *Gunter* v. *Railroad,* 200 U. S. 273), or the state has voluntarily intervened and become a party. *Clark* v. *Barnard,* 108 U. S. 436, 446.

Whatever doubt may be entertained as to the right of the attorney-general of this state to enter his appearance for the state in suits to which the state is not a party (P. S., *c.* 17, *s.* 4; Laws 1911, *c.* 190, *s.* 1), and whatever legal effect such an appearance might have, if, as in this case, he only appeared for a state official and not for the state, he did not consent in its behalf that it should be bound by the result of the suit. There is no evidence that he understood he was waiving the rights of the state, and his mere appearance for the treasurer does not have that legal effect. The plaintiff's position practically is that it is entitled to recover from the state treasury the amount of its claim in a suit against a state official because

the law officer of the state has appeared for that official. ' As well might it be claimed that an attorney by appearing for one against whom no judgment could be rendered, consented that it might be rendered against another one of his clients who appeared to be the rightful debtor. As already pointed out, the cause of action is against the state while the suit is against the treasurer.

But the argument is presented that, as the tax in question was paid to the treasurer under protest, a trust arose upon the money in his hands in favor of the plaintiff for the excessive or illegal payment, and as a consequence that the title to the money did not pass to the state, and that the action is not against the state but against the treasurer as the custodian of the fund. The result of this theory would seem to be to make the treasurer individually liable as a trustee of the fund, notwithstanding the fact that upon the plaintiff's motion the court dismissed the suit against him as an individual. But his only relation to the action now is that of a state official. Moreover it is clear that the money was not placed in his hands to be held for the plaintiff, but in the custody of the state through the treasurer as its agent. The plaintiff was dealing with the state — not with Mr. Plummer — and it understood that the money would be deposited in the treasury with other public money. If, under the circumstances, it or a part of it, became a trust fund, the state became the trustee, and since the state is not a party to the action the court cannot declare the trust, even in an equitable proceeding. Nor can it authorize or direct the treasurer to pay the plaintiff's demand from the state's money. That is exclusively a legislative function.

Cases holding that when a state officer does an act in his official capacity that may be prejudicial to the rights of a private person and is in violation of the constitution he may be individually enjoined (*Pennoyer* v. *McConnaughy*, 140 U. S. 1) upon the ground that the state is not a necessary party (*Cunningham* v. *Railroad*, 109 U. S. 446), are not in point. The injury the plaintiff complains of is not some threatened invasion of his rights, but it results from the inability of the treasurer to withdraw the money from the control of the state where the plaintiff was willing to put it. The money, even if wrongfully received by the defendant, was delivered to him as the agent of the state; it was in fact entrusted to the state (*Louisiana* v. *Jumel*, 107 U. S. 711, 722, 723), and what the plaintiff now seeks is a return of it, or a part of it, from the state, not from the defendant individually. If under such circumstances it

has been held that a defendant, although a party only in his official capacity, was liable individually to repay the money (*Scottish Ins. Co.* v. *Herriott*, 109 Ia. 606), the decision cannot be followed. The language of the court in *Smith* v. *Reeves, supra* (p. 439), in holding under a somewhat similar state of facts that the cause of action was against the state and that an order for judgment against the treasurer was error, is applicable to the case at bar: "In the present case the action is not to recover specific moneys in the hands of the State Treasurer nor to compel him to perform a plain ministerial duty. It is to enforce the liability of the State to pay a certain amount of money on account of the payment of taxes alleged to have been wrongfully exacted by the State from the plaintiffs. Nor is it a suit to enjoin the defendant from doing some positive or affirmative act to the injury of the plaintiffs in their persons or property, but one in effect to compel the State, through its officer, to perform its promise to return to taxpayers such amount as may be adjudged to have been taken from them under an illegal assessment." See generally *State* v. *Burke*, 33 La. Ann. 498; *Seitz* v. *Messerschmitt*, 117 App. Div. (N. Y.) 401, approved in 188 N. Y. 587; *Ex parte Dunn*, 8 S. C. 207; *State* v. *Bank*, 8 Neb. 218; *Troy &c. Railroad* v. *Commonwealth*, 127 Mass. 43.

The motion to dismiss the action should have been granted.

*Exception sustained.*

All concurred.