Request of House of Representatives,
No. 4606.

OPINION OF THE JUSTICES.

Submitted July 8, 1957.

Answer returned July 23, 1957.

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court submit the following reply to your request for an opinion as to whether any of the provisions of section 8 of Senate Bill No. 140, as amended, are unconstitutional.

Senate Bill No. 140, as amended and passed by the Senate, is entitled "An Act establishing the Berlin Airport Authority," and provides for the incorporation of the Authority as a body politic (*s.* 1) for the purpose of acquiring, maintaining and operating the Berlin Municipal Airport as well as auxiliary landing places and facilities in Coos County. *S.* 7. Journal of the Senate, June 18, 1957, *pp.* 785-789, 795-796. The bill is modeled after statutes establishing the Dover, Somersworth and Rochester Airport Authority and the Laconia Airport Authority. Laws 1945, c. 281; 1941, c. 272. Certain provisions of section 8 of the bill are substantially the same as provisions appearing in the earlier acts: "The establishment, ownership, operation and maintenance of said airport and all auxiliary facilities are declared to be for public purposes as an aid to national and state defense and for the

convenience of the public, and the authority shall be regarded as performing a governmental function in carrying out the provisions of this act." Journal of the Senate, *supra, pp.* 786-787. See Laws 1945, *c.* 281, *s.* 5; 1941, *c.* 272, *s.* 8.

Section 8 of the bill also contains the following provisions which do not appear in the earlier acts: "The authority, the county of Coos, the city of Berlin and the town of Milan shall enjoy immunity from all tort liability in connection with said facilities and activities and the said immunity shall not be affected or lost by reason of the receipt of profit, fees, revenue, income, rentals or any particular or specific return whatsoever." Your inquiry relates particularly to whether the provisions last quoted would be unconstitutional if enacted into law.

The law is well settled in New Hampshire, apart from legislative enactments, that municipal corporations are immune from liability for torts arising out of negligence in the performance of governmental functions. *Shea* v. *Portsmouth,* 98 N. H. 22; *Reynolds* v. *Nashua,* 93 N. H. 28. See *Kardulas* v. *Dover,* 99 N. H. 359, 360. *Cf. Resnick* v. *Manchester,* 99 N. H. 436; *Mitchel* v. *Dover,* 98 N. H. 285. The same immunity extends to counties. *Cushman* v. *Grafton,* 97 N. H. 32. The State itself enjoys a broader immunity against any suit to which it has not consented. *Moore* v. *Dailey,* 97 N. H. 278. As an agency of the State, the Authority which the bill would create would enjoy the sovereign immunity of the State, except as that immunity is waived by statute. *St. Regis Co.* v. *Board,* 92 N. H. 164. See *Eastern Grain Co.* v. *Currier,* 98 N. H. 495. While the bill would permit the Authority to sue and be sued (*s.* 9(a) ) immunity from liability for torts would be preserved by section 8.

In the provisions of section 8 we see no violation of the Constitution. The receipt by a body politic of fees or compensation in connection with its activities does not conclusively establish that the activities are commercial and not governmental. "[An] enterprise does not become a private one merely because . . . financial benefit is incidentally derived . . . . " *Fournier* v. *Berlin,* 92 N. H. 142, 144. See *Reynolds* v. *Nashua, supra; Cushman* v. *Grafton, supra.* Legislation such as Senate Bill No. 140 expressly providing that specified activities shall be regarded as the performance of a governmental function will be given effect if not patently contrary to fact. *Velishka* v. *Nashua,* 99 N. H. 161, 165.

The provision of air navigation facilities for public use has been

held to serve a public purpose; and airports even if privately operated may be exempted from tax if available for public use. *Opinion of the Justices*, 95 N. H. 548. Similarly the establishment of air navigation facilities has been declared by general legislation to be a "public governmental function." RSA 422:17. See *Opinion of the Justices*, 94 N. H. 513, 514, 515.

We therefore see no reason to question the validity of section 8 of Senate Bill No. 140, which relates solely to operation of public airfields by an agency of the State which is entitled to enjoy the State's immunity from liability for torts. The extent to which that immunity should be preserved or waived is purely a legislative question. See RSA 491:8; *Wiseman* v. *State*, 98 N. H. 393; "Leviathan Bound — Sovereign Immunity in a Modern World," 43 Va. L. Rev. 529, 544-546.

Our answer to your inquiry is in the negative: the provisions in question, if enacted into law, in our opinion would not be unconstitutional.

> FRANK R. KENISON,
> LAURENCE I. DUNCAN,
> AMOS N. BLANDIN, JR.,
> EDWARD J. LAMPRON,
> STEPHEN M. WHEELER.

July 23, 1957.

*Russell Hilliard*, Director of N. H. Aeronautics Commission, in opposition to the bill.