Strafford,
No. 5224.

VIRGINIA R. HERMER *v.* DOVER.

Submitted October 6, 1965.
Decided December 30, 1965.

*Fisher, Parsons, Moran & Temple* for the plaintiff, filed no brief.

*T. Casey Moher* for the defendant, filed no brief.

KENISON, C. J. This case presents the general question of whether the defendant municipality is liable for damages alleg-

edly caused the plaintiff because of mistake, negligence or misconduct of the city building inspector in administering a zoning ordinance. Annot. 6 A.L.R. 2d 960, 965-975; 4 McQuillin, Municipal Corporations (3d *ed.*) *s.* 12.208, *p.* 141 (1949).

"A person is charged with knowledge of the zoning restrictions placed on his property, and thus he obtains no vested rights by a building permit issued under a mistake of fact or in violation of law." Rhyne, Municipal Law, *s.* 32-25, *pp.* 891-892 (1957). The rule which prevents revocation of a valid permit following amendment of an ordinance where the appellant has expended substantial sums of money in reliance upon the permit ( *Winn* v. *Corporation,* 100 N. H. 280 ) does not extend to cases where the issuing official exceeded his authority by issuing a permit in violation of the ordinance in effect at the time of its issuance. *Dumais* v. *Somersworth,* 101 N. H. 111, 115. In such a case the permit ". . . could confer no greater rights upon the plaintiff than did the ordinance itself." *Dumais* v. *Somersworth, supra; Osborn* v. *Darien,* 119 Conn. 182. The illegal permit issued to the plaintiff does not supersede the ordinance which prohibited the conversion of the property which the permit purported to allow. *Arsenault* v. *Keene,* 104 N. H. 356; 2 Metzenbaum, The Law of Zoning 1159 (2d *ed.* 1955). Consequently it has been decided that the wrongful issuance or the wrongful revocation of a permit does not subject a municipality to liability for damages even if the municipal official did not act in good faith. 2 Rathkopf, The Law of Zoning and Planning, *c.* 57, *s.* 17, *p.* 57-49 (3d *ed.* 1964).

One of the questions transferred without ruling is whether the defendant municipality has a valid defense by reason of governmental or municipal immunity for tort. Such immunity has existed heretofore in this jurisdiction. *Reynolds* v. *Nashua,* 93 N. H. 28; *Shea* v. *Portsmouth,* 98 N. H. 22; *Opinion of the Justices,* 101 N. H. 546, 548. We are aware, of course, that municipal immunity is on the wane elsewhere, has been subjected to a barrage of criticism and has been abolished in some jurisdictions by judicial decisions having prospective effect. Annot. 60 A.L.R. 2d 1198. However, it is not deemed advisable to review the applicable New Hampshire law in this case where there has been no oral argument and neither party has submitted a brief. See *State* v. *LaPalme,* 104 N. H. 97, 98. Consequently on the basis of the cases cited we apply the rule of governmental and municipal immunity to the pleadings in this case. It follows that the

defendant has a valid defense by reason of governmental or municipal immunity. This immunity would apply both to the defendant municipality and its building inspector who was performing a governmental function as appears from the pleadings.

Statutory provisions exist permitting municipalities to procure liability insurance "on account of bodily injuries" or "damage to or the destruction of property." RSA 412:1. RSA 412:3 provides in part as follows: "It shall be lawful for the state or any municipal subdivision thereof, including any county, city, town, school district or other district, to procure the policies of insurance described in section 1 of this chapter. In any action against the state or any municipal subdivision thereof to enforce liability on account of a risk so insured against, the insuring company or state or municipal subdivision thereof, shall not be allowed to plead as a defense immunity from liability for damages resulting from the performance of governmental functions, and its liability shall be determined as in the case of a private corporation." Inasmuch as the insurance procured by the defendant was limited both by the statute and its policy to damages for bodily injuries or for damage to or destruction of property, it follows that the insurance carrier would not be liable for the damages incurred by the plaintiff. Accordingly, neither the defendant nor its insurance carrier is liable for the damages alleged to have been suffered by the plaintiff in this case.

*Remanded.*

All concurred.