Sullivan,
No. 5593.

### Mary S. Krzysztalowski & a. v. George Fortin & a.

Argued June 6, 1967.
Decided June 30, 1967.

*R. J. Shortlidge, Jr.* ( by brief and orally ), for the plaintiffs.

*George S. Pappagianis,* Attorney General and *R. Peter Shapiro,* Assistant Attorney General ( *Mr. Shapiro* orally ), for defendant George Fortin.

KENISON, C. J. The power of the State to regulate the manner and methods of the sale of intoxicating liquor is well established. *State* v. *Roberts,* 74 N. H. 476; *Manchester Press Club* v. *Commission,* 89 N. H. 442; *Nashua Grocers* v. *State,* 95 N. H. 224; *Carling Brewing Co.* v. *State Liquor Commission,* 102 N. H. 284, 287. The principal issue in this case is whether the operation of state liquor stores is such a function of government as to insulate the State from tort claims under the doctrine of sovereign immunity. Annot. 9 A.L.R. 2d 1292. See *Schippa* v. *Liquor Control Commission,* 132 W. Va. 51.

The doctrine of sovereign immunity is deeply entrenched in this jurisdiction. *Moore* v. *Dailey,* 97 N. H. 278; *Opinion of the Justices,* 101 N. H. 546; *Public Service Co.* v. *State,* 102 N. H. 54. Leflar and Kantrowitz, Tort Liability of the States, 29 N.Y.U. L. Rev. 1363, 1389 ( 1954 ). " The state cannot be sued without its consent and this immunity extends to officers of the state in the performance of their official functions. " Fourth Report, N. H. Judicial Council 34 ( 1952 ). The governmental nature of liquor sales in this state was indicated in *State* v. *Ellard,* 95 N. H. 217, 220, where it was stated that the State Liquor Commission ( RSA 176:1 ) is " a part of the State government . . . . It may fairly be said that the Commission in the realm of facts ' has but imaginary existence apart from that of the State itself ' and that the respondent [ manager of a state liquor store ] was a servant of the State. " *State* v. *Ellard, supra.*

The plaintiff concedes that certain functions of the State in

regulating liquor traffic is governmental but argues that the operation of state liquor stores for profit through its own stores, whether leased or owned, is a business and is a commercial, revenue-producing activity which is not a governmental function. The plaintiff contends that the purpose is not to restrict and limit the consumption of intoxicating liquors ( see *Harrison* v. *Wyoming Liquor Commission*, 63 Wyo. 13 ) but to encourage sales. He points to " New Hampshire's periodic clearance sales, continuing construction and improvement of retail facilities near the State's border, consistent underselling of vendors in adjacent states and the installation of vending machines for sweepstakes tickets in state liquor stores. " Plaintiff further points to the not incidental factors that the State's gross sales are over 42 million, the gross annual profit almost 12 million, the net profit almost 10 million and annual percentage increase is approximately 12%. See 32d Annual Statement of State Liquor Commission for period ending June 30, 1966, *p.* 4 ( 1966 ). *Cf. Ohio* v. *Helvering,* 292 U. S. 360. Although the writer of this opinion sees merit in these arguments, and takes a dim view of governmental immunity ( *Gossler* v. *Manchester,* 107 N. H. 310, 315 dissenting opinion ); 3 Davis, Administrative Law Treatise, *s.* 25.01 ( 1965 Supp. ), the solid fact remains that neither the Legislature nor this court is committed to the abrogation of governmental immunity for torts as the cases cited in the previous paragraph demonstrate. *Fournier* v. *Berlin,* 92 N. H. 142. " The extent to which that [State] immunity should be preserved or waived is purely a legislative question. " *Opinion of the Justices,* 101 N. H. 546, 549. See *Harkinson* v. *Manchester,* 90 N. H. 554, 555; *Gossler* v. *Manchester,* 107 N. H. 310, 311. Under existing law, statutory and judicial, the plaintiff cannot recover in tort from the defendant as an agent of the State performing a governmental function. As stated in the reserved case, " the actions were brought against George Fortin in his capacity as a state employee and manager of the State Liquor Store in Claremont. "

The plaintiffs' amendment to add a count in the declaration on the basis of an implied contract that the ramp to the store would be safe does not advance the plaintiffs' cause. *Cloutier* v. *Kasheta,* 105 N. H. 262, 265. The provisions of RSA 491:8 allowing recovery against the State for " any express or implied contract with the state " was not intended to include personal injury suits caused by the negligence of state employees. See

*Mittersill Ski Lift Corp.* v. *State*, 105 N. H. 219; Fourth Report, N. H. Judicial Council 34-37 ( 1952 ).

*Defendant's exceptions sustained.*

All concurred.