Grafton
Nos. 6923, 7041

JOHN SOUSA

v.

STATE OF NEW HAMPSHIRE

JOSEPH EVANS v. SAME

June 30, 1975

*Deachman & Gruber* and *David S. Osman (Mr. Osman* orally) for John Sousa.

*Nixon, Christy & Tessier* and *John E. Peltonen (Mr. Peltonen* orally) for Joseph Evans.

*Warren B. Rudman,* attorney general, and *John C. Boeckeler,* assistant attorney general *(Mr. Boeckeler* orally), for the State.

LAMPRON, J. Actions by John Sousa and Joseph Evans, driver and passenger in a tractor-trailer truck, to recover damages for the injuries they sustained when the State-owned and -maintained bridge over the Gale River on Route 117 in Franconia collapsed while they were driving over it. Plaintiffs allege that their injuries were caused by the negligent failure of the State to properly maintain the bridge, to keep it in proper repair, and to post warning signs of load limitation. The State filed motions to dismiss these actions on the ground of sovereign immunity. The motion in the *Sousa* case was granted by *Mullavey,* J., and the motion in the *Evans* case by *Johnson,* J. All questions of law raised by the plaintiffs' exceptions were

reserved and transferred. We are asked by the plaintiffs to reconsider and abolish the existing immunity of the State from liability for such accidents.

The doctrine of sovereign immunity is deeply entrenched in this jurisdiction. *Krzysztalowski v. Fortin,* 108 N.H. 187, 188, 230 A.2d 750, 751 (1967). State immunity is broader than municipal immunity which this court has recently abolished in *Merrill v. Manchester,* 114 N.H. 722, 332 A.2d 378 (1974); *see Opinion of the Justices,* 101 N.H. 546, 548, 134 A.2d 279, 281 (1957). In addition to having immunity from liability for torts, which municipal corporations previously enjoyed as to certain torts, the State is also immune from suit in its courts without its consent, a privilege cities and towns never had. *Bow v. Plummer,* 79 N.H. 23, 104 A. 35 (1918); *Rhobidas v. Concord,* 70 N.H. 90, 114, 47 A. 82, 86 (1899); RSA 31:1.

In many States the rule that a State cannot be sued without its consent is written into its constitution which either prohibits the giving of consent, or provides that the legislature will direct the manner, courts, and cases in which suits can be brought. *Hutchinson v. Board of Trustees,* 228 Ala. 20, 256 So. 2d 281 (1971); *Blair v. Anderson,* 325 A.2d 94, 96 (Del. 1974); *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973); *see* Restatement (Second) of Torts § 895A, Special Note 12-19 (Tent. Draft No. 19, 1973). In other jurisdictions, including our own, the State's immunity from suit is traced back to the immunity of the British Crown carried over to the States by the courts. *Id.* § 895B, Comment *a; see Bow v. Plummer,* 79 N.H. 23, 104 A. 35 (1918); 2 F. Harper & F. James, The Law of Torts § 29.2, at 1609 (1956).

The State's immunity for torts, also said to be a carry-over from the British Crown, is generally recognized to be of judicial origin as was municipal immunity. *Gossler v. Manchester,* 107 N.H. 310, 311, 221 A.2d 242, 243 (1966); *Muskopf v. Corning Hosp. Dist.,* 55 Cal. 2d 211, 218, 359 P.2d 457, 461 (1961). In most cases, however, no distinction has been made as to whether a tort suit against the State was dismissed because of the State's immunity for torts or its immunity from suit without its consent. *Krzysztalowski v. Fortin,* 108 N.H. 187, 188, 230 A.2d 750, 751 (1967); *cf. Holytz v. Milwaukee,* 17 Wis. 2d 26, 115 N.W.2d 618 (1962).

The tort immunity of the State and that of cities and towns have had a different history in this State. In *Gossler v. Manchester,* 107 N.H. 310, 221 A.2d 242 (1966), when this court was asked to reconsider the doctrine of municipal immunity for torts, indications were given in a concurring and a dissenting opinion that this doctrine was on

the wane and should be abolished in this State by legislation or judicial decision. *See Hermer v. Dover,* 106 N.H. 534, 536, 215 A.2d 693, 694 (1965). There is no such history with regard to state immunity from tort actions. *Krzysztalowski v. Fortin,* 108 N.H. 187, 189, 230 A.2d 750, 752 (1967). This results no doubt from the fact that in a tort suit against the State both its immunity against suit and that against torts are involved. Nonliability can be rested on the narrow ground that there are no means by which such an obligation for injuries received can be enforced or on the larger ground that no obligation arises in such cases. *Opinion of the Justices,* 81 N.H. 573, 577-78, 128 A. 812, 814-15 (1925); Restatement (Second) of Torts § 895B, Comment *a* at 24 (Tent. Draft No. 19, 1973). Hence the abolition of the tort immunity of cities and towns in *Merrill v. Manchester,* 114 N.H. 722, 332 A.2d 378 (1974), which do not have immunity from suit without consent, does not mandate that recovery for torts be allowed against the State.

Plaintiffs argue, however, that abolishment of this immunity is mandated by article 14, part I of our constitution. It reads in pertinent part as follows: "Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character . . . conformably to the laws." The decision in *Merrill v. Manchester* was not based on this ground. We indicated in *Opinion of the Justices,* 113 N.H. 205, 210, 304 A.2d 881, 885 (1973), that these rights are necessarily relative. "As indicated in article 14 the remedies provided are to be 'conformably to the laws'. This means the rules of statutory and common law applicable at the time the injury is sustained." *Id.; Pinnick v. Cleary,* 360 Mass. 1, 2, 271 N.E.2d 592, 599 (1971). If article 14 were to be interpreted as urged by the plaintiffs, contributory or comparable negligence, statutes of limitations, or other defenses which would prevent an injured plaintiff from recovering for his injuries against an individual defendant or the State would be unconstitutional. *McCoy v. Kenosha County,* 195 Wis. 273, 218 N.W. 348 (1928); *see* Annot., 57 A.L.R. 419 (1928).

Plaintiffs' actions are based on a negligent act of agents of the State and not on an appropriation of their property. *Gilman v. Concord,* 89 N.H. 182, 186, 195 A. 672, 674-75 (1937). Hence the defense of state immunity is not in violation of state and federal constitutional provisions that a man's property is not to be taken by eminent domain without just compensation being awarded. *See N.H. Water Resources Board v. Pera,* 108 N.H. 18, 226 A.2d 774 (1967); *Angelle v. State,* 212 La. 1069, 34 So. 2d 321 (1948); Annot., 2 A.L.R.2d 677,

707 (1948). Nor does it constitute a violation of plaintiff's rights to equal protection as all those who are similarly situated are similarly treated. *See Belkner v. Preston,* 115 N.H. 15, 17, 332 A.2d 168, 170 (1975); *Krause v. State,* 31 Ohio St. 2d 132, 145-46, 285 N.E.2d 736, 744-45 (1972). In short, we hold that there is no constitutional provision which confers on the plaintiffs a right to sue and hold the State liable for a tort. *Cords v. State,* 62 Wis. 2d 42, 51, 214 N.W.2d 405, 410 (1974).

It is not contested that the State may waive its immunities and permit suits to be brought and recovery obtained by plaintiffs injured by the negligence of its agents. RSA 412:3; *see Hermer v. Dover,* 106 N.H. 534, 537, 215 A.2d 693, 694 (1966); W. Prosser, Law of Torts § 131, at 975 (4th ed. 1971). "[A]s this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted . . . ." *Wooster v. Plymouth,* 62 N.H. 193, 204 (1882).

The State has waived its immunities in many instances. It has permitted suits to be brought and judgments entered against it in actions founded upon any express or implied contract. RSA 491:8. The Governor and Council have been authorized to pay claims against the State arising out of accidents occasioned by the activities of the National Guard. RSA 110-A:81. The commissioner of public works and highways may pay claims of less than $150 resulting from accidents due to the activities of his department. RSA 229:8-a. State agencies, institutions and departments are made subject to the workmen's compensation laws. RSA 281:5 (Supp. 1973). Under the provisions of RSA 412:3, State agencies may procure policies of liability insurance and the defense of immunity is waived to the extent of the policy limits.

Another avenue of relief for plaintiffs who are damaged by the negligence of State employees, or otherwise, is a petition to the legislature. N.H. CONST. pt. I, art. 32. However the legislature "is not organized to determine the merits of such claims and the time consumed in their consideration adds materially to the legislative costs." "When there is a genuine issue, this procedure is not satisfactory to any of the parties." N.H. Judicial Council, Third Biennial Report 41 (1950). To obviate these difficulties, many States have created a board of claims in which relief for torts committed by agents of the State can be obtained. They consist of a certain number of State officials, or of specially named members, who hear such claims with power to render a judgment for the claimant or for the

State or to submit findings and recommendations to a legislative committee authorized to dispose of the matter. *See* Tenn. Code Ann., ch. 8 (1973), (Supp. 1974); Iowa Code, ch. 25, 25A (1975); Ky. Rev. Stats. Ann., § 44.070 (Supp. 1974). Our legislature may find it in the best interests of the State, itself and of claimants to consider and enact legislation creating a board of claims, fixing its membership, and enumerating its powers.

As previously stated, state immunity for torts involves certain factors not present in the immunity of cities and towns. By its magnitude the striking of a balance between granting relief to injured claimants and protecting the solvency of the State is a more complex problem at that level than it is for most cities and towns. Extremely broad considerations of public policy and government administration are involved. In this respect the legislature's machinery is well adapted to conduct investigations and give consideration to plans advanced as a solution. Furthermore the legislature has already enacted certain laws in that area. We are aware that other measures are under consideration to regulate this field of liability which could lead to additional legislation. For these reasons we are of the opinion that at this time it would be inappropriate for the court to abrogate by judicial action the existing rules of state immunity.

Because of the result reached it is unnecessary to consider the other issues raised by the parties. We hold that the State's motions to dismiss were properly granted under the existing law.

*Plaintiffs' exceptions overruled.*

All concurred.