Robert H. LOOPMAN, Administrator of the Estate of Terry R. Loopman, Deceased

v.

Thomas D. HURLEY et al.

No. C 78–414.

United States District Court, D. New Hampshire.

Aug. 15, 1979.

Frederick E. Upshall, Jr., Perkins, Upshall & Robinson, Concord, N. H., for plaintiff.

Robert L. Chiesa, Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., Asst. Atty. Gen. Deborah Cooper, Concord, N. H., for defendants.

## ORDER ON MOTION TO DISMISS OR VACATE JUDGMENT

LOUGHLIN, District Judge.

The plaintiff filed an amended complaint after the original complaint had been dismissed by Andrew A. Caffrey, Chief United States Judge, sitting by designation.

The gist of Count # 1 being that the plaintiff, decedent, on May 26, 1977 was arrested by the defendant, Hurley, a State policeman with the State of New Hampshire, taken into custody and charged with the offense of driving while under the influence of intoxicating beverages and confined to the jail maintained by the defendant town of Peterborough.

The complaint further alleged that the plaintiff decedent was left at the Peterboro Jail unattended and that he later died after asphyxiating on his own vomit. The plaintiff's decedent alleged that the defendant was negligent in failing to see or make provision for inspections of plaintiff's decedent's cell.

The gist of Count # 2 factually is similar, but alleging a violation of 42 U.S.C. § 1983.

Other defendants are two police officers with the Town of Peterborough and the defendant Town of Peterborough who are not parties to defendant Hurley's motion.

■ The Court grants defendant Hurley's Motion to Dismiss the Amended Complaint, Count # 1 on the basis that RSA 507–B:1 I defining "Governmental unit" does not include the state or any department or agency thereof. *Sousa v. State*, 115 N.H. 340 at page 342, 341 A.2d 282 (1975). In addition to having immunity from liability for torts, which municipal corporations previously enjoyed as to certain torts, the State is also immune from suits in its courts without its consent, a privilege cities and towns never had. *Bow v. Plummer* 79 N.H. 23, 104 A. 35 (1918); *Rhobidas v. Concord* 70 N.H. 90, 114, 47 A. 82, 86 (1899) R.S.A. 31:1.

The Court grants defendant Hurley's Motion to Dismiss the Amended Complaint # 2.

In *Mullins v. City of River Rouge*, 338 F.Supp. 26 (1972) the plaintiff on December 3, 1966, a very cold day was discovered lying in a lot seemingly conscious, but incoherent. He was placed in a cell bed and unbeknownst to the defendant police officers he had suffered a severe frostbite. He eventually suffered amputation of all his fingers and portions of his thumbs.

■ The Court in dismissing the action stated that there is no gross negligence, adopting the principles enunciated in *Jenkins v. Averett*, 424 F.2d 1228 (4th Cir. 1970) that gross or culpable conduct was the proper standard to apply in judging police officers' conduct under 42 U.S.C. section 1983.

It is with this guideline that defendant's conduct must be judged. Mere negligence is insufficient, *Hopkins v. County of Cook*, 305 F.Supp. 1011 (N.D.Ill.1969).

In *Bailey v. Harris*, 377 F.Supp. 401 (1974) plaintiff's decedent was killed by another inmate of the jail where they were confined. The complaint alleged defendants were negligent in placing plaintiff's decedent in a cell with the intoxicated assailant, armed with a knife. In stating that the complaint failed to state a cause of action under 42 U.S.C. § 1983, the reasoning was that more than an isolated incident of negligent failure to protect must be alleged, quoting from *Williams v. Field*, 416 F.2d 483, 485 (9th Cir. 1969).

"Similarly, the complaint in the present case alleges no more than an isolated incident of negligent failure to protect the plaintiff's decedent and fails to aver a denial of equal protection of the laws or a violation of any other constitutionally se-

cured 'right, privilege or immunity' of the plaintiff's decedent."

In this case, there isn't any allegation of conduct upon the part of defendant Hurley to indicate gross negligence or more than ordinary negligence.

SO ORDERED.