Merrimack
No. 80-295
No. 80-306

MICHAEL DUNAISKY & a.

v.

THE STATE OF NEW HAMPSHIRE & a.

TOWN OF ENFIELD, CONNECTICUT

v.

THE STATE OF NEW HAMPSHIRE & a.

April 2, 1982

*Barrett & McNeill P.A.*, of Durham (*John T. Barrett* on the brief and orally), for the plaintiffs.

*Gregory H. Smith*, attorney general (*Loretta S. Platt*, attorney, on the brief and *Jeffrey R. Cohen*, assistant attorney general, orally), for the State.

BOIS, J.   The issue in these cases is whether the State of New Hampshire and the New Hampshire Hospital are liable to the plaintiffs, a Connecticut police officer and his wife and town which employed him, for personal injuries and property damage caused by an escaped mental patient who forced a police car off the road in Connecticut.

On October 19, 1973, Jacinto Oliveria was admitted to the New Hampshire Hospital for involuntary emergency hospitalization because he posed a strong likelihood of harm to himself and others. *See* RSA 135-B:19 (Supp. 1981). He escaped from the New Hampshire Hospital on November 12, 1973, and stole a car in Springfield, Massachusetts, on December 2, 1973. During a high-speed chase, Oliveria forced the plaintiff, Michael Dunaisky, an Enfield, Connecticut, police officer who was pursuing him, into a guardrail. Dunaisky's cruiser was damaged, and he sustained injuries to his neck and back. Oliveria, incoherent when arrested, spoke about such topics as flying saucers, communists, and fishing with St. Peter.

On November 9, 1979, Michael Dunaisky and his wife Shirley commenced actions in Merrimack County Superior Court against the defendants, the State of New Hampshire and the New Hampshire Hospital, seeking damages for personal injury and loss of consortium. They claimed their injuries resulted from the defendants' negligence in failing to control and restrain Oliveria. The Town of Enfield, Connecticut, also alleging negligence, sued the

defendants for $1,605, which represented the amount of damage to Officer Dunaisky's police cruiser.

The State filed motions to dismiss which were based in part on an assertion of its sovereign immunity. The motion to dismiss the Town of Enfield's action was granted by *Cann*, J., and the motions to dismiss the Dunaiskys' actions were granted by *DiClerico*, J. The plaintiffs appealed to this court, and we affirm.

██ Assuming *arguendo* that the New Hampshire Hospital owed the plaintiffs a duty to conform its conduct to a certain standard of care, and that the plaintiffs could prove that the hospital had acted unreasonably and caused their injuries, they would not be able to recover against the State because sovereign immunity is the "law of [this] state." RSA 99-D:1 (Supp. 1981); *see Sousa v. State*, 115 N.H. 340, 342, 341 A.2d 282, 283 (1975). Although a state may waive its immunity, *id.* at 344, 341 A.2d at 285; 2 F. HARPER & F. JAMES, THE LAW OF TORTS § 29.4, at 1613–14 (1956), New Hampshire has not done so in the area of negligence. *Cf. Sousa v. State*, 115 N.H. at 344, 341 A.2d at 285 (statutory exceptions to sovereign immunity rule). Under the present state of our law, the plaintiffs' negligence claims against the State and the New Hampshire Hospital are barred.

██ We also reject the plaintiffs' claim that they have a cause of action against the State under RSA ch. 135-B (Supp. 1981). It was enacted to protect the rights of mentally ill persons confined to State institutions by allowing *them* to bring legal actions for damages against the State. *Chasse v. Banas*, 119 N.H. 93, 96, 399 A.2d 608, 610 (1979). The statute waives sovereign immunity only for suits brought pursuant to RSA ch. 135-B (Supp. 1981) by involuntarily committed patients; no rights are conferred on a Connecticut town, a policeman employed by that town, or the policeman's wife.

Even if we were to assume *arguendo* that RSA ch. 541-B (Supp. 1981) (Board of Claims) is remedial in nature and retroactive in its application, the plaintiffs could not present a claim jurisdictionally cognizable by the board of claims. *See* RSA 541-B:9 (Supp. 1981); *cf. Lozier v. Brown Company*, 121 N.H. 67, 68–69, 426 A.2d 29, 31 (1981); *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 117 N.H. 269, 270–71, 371 A.2d 1171, 1173 (1977) (remedial statutes may be applied retroactively). RSA 541-B:14 IV (Supp. 1981) provides in pertinent part:

"Any claim submitted pursuant to paragraph I shall be brought *within 6 years* of the date of the alleged per-

sonal injury or property damage or the wrongful death resulting from personal injury; provided, however, that the agency is notified by mail *within 180 days* of the alleged personal injury or property damage sustained by the claimant. Such notification may be made either by the claimant or an appropriate representative of same."

(Emphasis added.)

The agency, the New Hampshire Hospital in this case, must be notified by mail within one hundred eighty days of the claimants' alleged personal injury or property damage. The plaintiffs were obviously unable to comply with this provision because RSA ch. 541-B (Supp. 1981) was enacted in 1977, and the incident giving rise to their injuries occurred in 1973. *But see Appeal of Wood Flour, Inc.*, 121 N.H. 991, 995, 437 A.2d 286, 288 (1981).

Section 14 IV of the statute, however, establishes a six-year statute of limitations for the filing of all personal injury or property damage claims. The accident herein occurred in December 1973, so that under the statute, the limitations period would expire in December 1979. Although the plaintiffs might have been able to bring a claim under RSA ch. 541-B (Supp. 1981), they chose to forsake this possible remedy and instead pursued their remedy by initiating tort actions in the superior court in November 1979. While the tort suits were pending, the board of claims statutory time period ran out. Because the board of claims statute of limitations has expired and the plaintiffs are bound by their election of remedies, they would be precluded from bringing their cause before the board of claims. *Cf. Zurback Steel Corp. v. Edgcomb*, 120 N.H. 42, 46, 411 A.2d 153, 156 (1980).

*Affirmed.*

DOUGLAS, J., concurs in the result only; the others concurred.