Merrimack
No. 83-514

JACQUELINE C. SHEEHAN

v.

NEW HAMPSHIRE LIQUOR COMMISSION,
JEAN R. WALLIN, COMMISSIONER

JACQUELINE C. SHEEHAN

v.

THE TAYLOR WINE COMPANY, INC.

May 8, 1985

*Law Office of Stephen W. Wight,* of Lawrence, Massachusetts (*Stephen W. Wight & a.* on the brief, and *Mr. Wight* orally), for the plaintiff.

*Gregory H. Smith,* attorney general (*James A. Sweeney,* attorney, on the brief and orally), for the State.

BROCK, J. This is an interlocutory appeal from rulings recommended by a Master (*Frank B. Clancy*, Esq.) and approved by the Superior Court (*Cann*, J.), pursuant to the State's motion to dismiss two counts in a suit brought by the plaintiff, Jacqueline C. Sheehan, against the New Hampshire State Liquor Commission and Jean R. Wallin in her capacity as Commissioner (hereinafter "State"). The plaintiff also sued the Taylor Wine Company, Incorporated (Taylor) in a second action, which the master consolidated with the present case. She seeks fifty thousand dollars ($50,000) in damages from both the State and Taylor.

The plaintiff alleges that she purchased a bottle of Taylor Champagne at the State liquor store in Hooksett. On or about June 22, 1980, the bottle exploded in her left hand, causing serious injury. Count I of her complaint alleges that the State was negligent in its handling of the bottle after purchase from Taylor. Count II alleges that the State breached both express and implied warranties for which the plaintiff seeks monetary damages under the Uniform Commercial Code, RSA chapter 382–A.

The State moved to dismiss count I, maintaining that the doctrine of sovereign immunity bars the tort claim and that the plaintiff's remedy, if any, is with the board of claims, under RSA chapter 541-B (Supp. 1983). The State also moved to dismiss count II, claiming that the contract action arises out of the same factual situation as count I and that the plaintiff cannot circumvent the doctrine of sovereign immunity by bringing a contract action under RSA 491:8.

The State's motion to dismiss count I was granted, but its motion to dismiss count II was denied. For reasons that follow, we affirm both rulings.

The plaintiff argues that the doctrine of sovereign immunity, which was the basis for the trial court's dismissal of count I, constitutes an abridgment of her right to equal protection of the laws under the State Constitution. N.H. CONST. pt. I, arts. 2 and 12. We need not, however, address that issue in this case.

The plaintiff's claim for $50,000 in damages in this case comes within the jurisdiction of the board of claims. RSA 541-B:14, I (Supp. 1983). It is therefore possible that, through such an action, the plaintiff will be afforded a complete remedy for any wrong done to her. Unless she attempts to pursue her claim through the board, we cannot say that she has shown a "restriction of private rights" sufficient to support an equal protection claim at this time. *Carson v. Maurer*, 120 N.H. 925, 933, 424 A.2d 825, 831 (1980).

We next consider the State's claim that count II, plaintiff's breach of warranty action, is nothing more than an effort to circumvent the

doctrine of sovereign immunity by dressing what is essentially a tort in the clothes of a contract.

While one court has suggested that "strict liability in tort is a more appropriate remedy for the consumer who has received personal injuries and that U.C.C. warranties are best suited to commercial settings," *Hagenbuch v. Snap-on Tools Corp.*, 339 F. Supp. 676, 680 n.2 (D.N.H. 1972), we have held that a plaintiff is entitled to proceed on a theory of express and implied warranty, as well as strict liability in tort. *Buttrick v. Lessard*, 110 N.H. 36, 38, 260 A.2d 111, 113 (1969); *see also Elliott v. Lachance*, 109 N.H. 481, 256 A.2d 153 (1969).

The State, relying upon *Krzysztalowski v. Fortin*, 108 N.H. 187, 230 A.2d 750 (1967) and *Cloutier v. Kasheta*, 105 N.H. 262, 197 A.2d 627 (1964), argues that if an action is brought in tort, such action precludes a suit brought on the same set of facts on an express or implied warranty theory. In both of these cases, the court held that no contract action would lie. Those cases, however, involved slip and fall and medical malpractice claims, respectively. They are therefore distinguishable from the case before us, which involves a sale of goods governed by RSA chapter 382–A.

Among the provisions of that chapter are the following:

> "Unless excluded or modified . . . , a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

RSA 382–A:2–314(1).

> "Goods to be merchantable must be at least such as . . . (c) are fit for the ordinary purposes for which such goods are used . . . ."

RSA 382–A:2–314(2).

> " 'Merchant' means a person who deals in goods of the kind . . . involved in the transaction . . . ."

RSA 382–A:2–104(1).

> "(1) Where the buyer has accepted goods and given notification . . . he may recover as damages . . . the loss resulting in the ordinary course of events from the seller's breach . . . .
>
> (3) In a proper case any incidental and consequential damages under the next section may also be recovered."

RSA 382-A:2-714.

> "Consequential damages resulting from the seller's breach include . . .
> (b) injury to person or property proximately resulting from any breach of warranty."

RSA 382-A:2-715(2).

It is evident that, in enacting these provisions, the legislature contemplated precisely the sort of action described in count II of the instant case. Moreover, the language of RSA 382-A:2-314(1) indicates that such an action sounds in contract. The existence of a contractual obligation, here expressly created by statute, brings this case under the waiver of sovereign immunity for contracts in RSA 491:8, and distinguishes it from cases where a claim of "implied contract" was clearly no more than a claim of ordinary negligence. *Compare Mittersill Ski Lift Corp. v. State*, 105 N.H. 219, 221, 196 A.2d 71, 73 (1963) (State was liable under "an implied contractual obligation . . . to use due care in its operation of the plaintiff's equipment of which it was a bailee for hire"), *with Krzysztalowski v. Fortin*, 108 N.H. at 189, 230 A.2d at 752 (no implied contract that ramp leading to State liquor store would be safe).

 In her count relying upon warranty, the plaintiff seeks damages for the benefit of the bargain and consequential damages proximately resulting from the alleged breach. *See* RSA 382-A:2-715(2). Under these circumstances, we agree that when the State or any merchant places a defective product in commerce, the plaintiff may plead alternative theories of tort or contract or both. The plaintiff has the burden of placing before the court sufficient facts to support a contract action. We see no reason why the plaintiff may not seek damages in contract in the superior court on these facts, and we affirm the rulings made below on the State's motions to dismiss.

*Affirmed and remanded.*

All concurred.