NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2021-0102

JANET BISCEGLIA

v.

SECRETARY OF STATE & a.

Argued: December 14, 2021
Opinion Issued: April 1, 2022


Burns, Bryant, Cox, Rockefeller & Durkin, PA, of Dover (Matthew B. Cox on the brief and orally), for the plaintiff.


John M. Formella, attorney general (Samuel R.V. Garland, assistant attorney general, on the brief and orally), for the defendants.


HICKS, J.  The plaintiff, Janet Bisceglia, appeals an order of the Superior Court (Honigberg, J.) granting the motion for summary judgment filed by the defendants, the New Hampshire Secretary of State and the New Hampshire Department of Natural and Cultural Resources (collectively the State).  The court ruled that the State is immune from liability for the plaintiff's negligence claim under New Hampshire's recreational use statute.  See RSA 508:14, I (2010).  We reverse and remand.

The following facts are undisputed. On June 10, 2018, the plaintiff and her family visited a historic lighthouse situated on land in New Castle, which is owned by the United States. That federal land is adjacent to Fort Constitution, which is owned and operated by the State. While the plaintiff was standing on the federal land next to the outer wall of Fort Constitution, a portion of the wall fell on top of her, causing her substantial injuries.

The plaintiff sued the State for negligence. The State moved to dismiss, which the trial court converted into a motion for summary judgment. Following a hearing, the trial court granted the State's motion. The court determined that, because the State "held Fort Constitution out to the public at no charge" and the wall "was maintained as part of the historic site for the use and enjoyment of the public," RSA 508:14, I, shields the State from liability, "regardless of whether Plaintiff was physically on [the State's] property at the time of the injury." The court denied the plaintiff's motion for reconsideration. This appeal followed.

We review a trial court's grant of summary judgment de novo. Zannini v. Phenix Mut. Fire Ins. Co., 172 N.H. 730, 733 (2019). We consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. Id. at 733-34. When a review of the evidence reveals no genuine dispute of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. Id. at 734.

On appeal, the plaintiff first argues that the trial court erred in ruling that RSA 508:14, I, bars her suit when it is undisputed that she never entered upon or used the State's property in any way. The State counters that the language of RSA 508:14, I, "is unambiguous and nothing therein limits recreational use immunity to on-premises injuries." According to the State, under the statute, "recreational use immunity does not turn on whether a particular individual was using the subject property for recreational purposes at the time he or she was injured," but, rather, "the operative question is whether the landowner has permitted members of the general public to use the land for recreational purposes." (Quotation and brackets omitted.) Because we agree with the plaintiff's initial premise, we need not address her other arguments.

The issue before us presents a question of statutory construction. The interpretation of a statute is a question of law, which we review de novo. See Teeboom v. City of Nashua, 172 N.H. 301, 309 (2019). We determine the legislature's intent as expressed in the words of the statute considered as a whole. Id. We first examine the language of the statute and, if possible, construe that language according to its plain and ordinary meaning. Id. at 310. We interpret legislative intent from the statute as written and will not

2

consider what the legislature might have said or add language that the legislature did not see fit to include.  See Darbouze v. Champney, 160 N.H. 695, 697 (2010).

Statutes in derogation of the common law are to be interpreted strictly. Estate of Gordon-Couture v. Brown, 152 N.H. 265, 266 (2005).  Although a statute may abolish a common law right, there is a presumption that the legislature has no such purpose.  Id.  If such right is to be taken away, it must be expressed clearly by the legislature.  Id.  Accordingly, immunity provisions barring the common law right to recover are to be strictly construed.  Id. at 266-67.[1]

RSA 508:14, I, provides:

> An owner, occupant, or lessee of land, including the state or any political subdivision, who without charge permits any person to use land for recreational purposes or as a spectator of recreational activity, shall not be liable for personal injury or property damage in the absence of intentionally caused injury or damage.

The statute was "adopted at a time when many States were enacting recreational use statutes, i.e., statutes that limit the liability of landowners who make their land available for recreational use."  Estate of Gordon-Couture, 152 N.H. at 267.  The purpose of such laws is to "encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability towards persons entering thereon for such purposes."  Id. (emphasis added) (quotation omitted).

The model recreational use statute, "which shares much in common with the New Hampshire recreational use statutes, expressed a basic quid pro quo in its declaration of policy, namely, permission to the general public to use . . . land for recreational purposes in exchange for immunity from liability for

---

[1] Although there was no right to recover in tort against the State under the common law, see Sousa v. State, 115 N.H. 340, 342-43 (1975), the State's sovereign immunity "is the exception, rather than the rule, in tort cases," Bergeron v. City of Manchester, 140 N.H. 417, 420 (1995).  RSA chapter 541-B authorizes a claim for personal injury caused by the failure of the State "to follow the appropriate standard of care when that duty was owed to the person making the claim, including any right of action for money damages which either expressly or by implication arises from any law, unless another remedy for such claim is expressly provided by law" outside of RSA chapter 541-B.  RSA 541-B:1, II-a (2021).  Neither party disputes that RSA 508:14, I, applies as a general matter to State-owned land.  See Coan v. N.H. Dep't of Env't Servs., 161 N.H. 1, 5 (2010) (assuming without deciding that RSA 508:14, I, applies to State-owned land where the plaintiffs did not dispute that it did).  Accordingly, we interpret RSA 508:14, I, in this case no differently than we would in a case involving a private landowner that is alleged to have failed to follow the appropriate standard of care owed to the plaintiff.

resulting injuries." Kenison v. Dubois, 152 N.H. 448, 453 (2005) (quotation and emphasis omitted). Thus, RSA 508:14, I, "limit[s] the liability of . . . landowners who make their land available for public recreational uses on the theory that it is not reasonable to expect such owners to undergo the risks of liability for injury to persons and property attendant upon the use of their land by strangers from whom the accommodating owner receives no compensation or other favor in return." Estate of Gordon-Couture, 152 N.H. at 268 (emphasis added) (quotation omitted).

We disagree with the State that nothing in the language of the statute limits its applicability to on-premises injuries. The plain language of RSA 508:14, I, states that immunity from liability from personal injury is limited to injuries incurred by those who "use" land for recreational purposes free of charge. RSA 508:14, I. That is how we have consistently interpreted the statute. See Coan v. N.H. Dep't of Env't Servs., 161 N.H. 1, 6 (2010) (stating that recreational use immunity applies "as long as the injured party used the landowner's land for recreational activities or to watch such activities" (emphasis added)); Soraghan v. Mt. Cranmore Ski Resort, 152 N.H. 399, 406 (2005) (noting that RSA 508:14, I, "limit[s] the liability of landowners toward entrants on land in circumstances that involve recreational activities for which the landowner did not charge" (emphasis added)); Estate of Gordon-Couture, 152 N.H. at 271 (explaining that RSA 508:14, I, "does not clearly eliminate all common law duties of landowners toward all entrants on land" (emphasis added)). To interpret the statute in the manner suggested by the State would require that we add language that the legislature did not see fit to include. See Darbouze, 160 N.H. at 697.

The State also argues that courts in other jurisdictions have "endorsed the view" that the injured party need not be on the landowner's property for immunity to apply, citing Wang v. Nibbelink, 208 Cal. Rptr. 3d 461, 483-84 (Ct. App. 2016), and Schwartz v. Zent, 448 N.E.2d 38, 39-40 (Ind. Ct. App. 1983). However, the issue in those cases was whether, under the express language of the applicable recreational use statutes, the landowner was relieved from liability where the recreational users of the land caused injury to persons outside the premises — an issue that is not before us.

Accordingly, we construe RSA 508:14, I, to grant limited immunity from negligence claims by persons injured while using land open to the general public without charge for recreational activities and hold that it presents no bar to recovery here. This conclusion is supported by the purpose of the statute to encourage owners of land to offer up their land for public use in exchange for the recreational user relinquishing his or her cause of action for non-intentional injury or damage. See Soraghan, 152 N.H. at 403 (explaining that we construe RSA 508:14, I, to effectuate its purpose). This strict interpretation is "consistent with our holdings that we will not interpret a

statute to abrogate the common law unless the statute clearly expresses that intent." Estate of Gordon-Couture, 152 N.H. at 271. Here, because it is undisputed that the plaintiff did not use the State's land, the trial court erred in granting the State's motion for summary judgment based on RSA 508:14, I.

Reversed and remanded.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.