PAUL R. CHUBBUCK v. JOHN W. BEATY.

No. 16,151.

1. MOTION TO OPEN JUDGMENT—*Notice of Pendency of Action.* An application to open a judgment rendered upon publication service, on the ground that the defendant did not have notice of the pendency of the action, was properly denied.

2. ——— *Evidence—Affidavits by the Adverse Party.* A deposition offered in evidence to show that the defendant had notice that the action was pending was an affidavit within the meaning of section 77 of the civil code.

3. ——— *Evidence.* It was said that section 77 of the civil code does not prohibit the court from hearing any competent evidence tending to show that the defendant had notice of the pendency of the action in time to defend.

Error from Morton district court; WILLIAM H. THOMPSON, judge. Opinion filed October 9, 1909. Affirmed.

*George Getty,* for the plaintiff in error.

*G. Porter Craddock,* and *William Easton Hutchison,* for the defendant in error.

*Per Curiam:* Paul R. Chubbuck presented an application to the district court of Morton county to open up a judgment rendered against him upon service by publication, claiming that he had no actual notice or knowl-

edge of the pendency of the action in time to defend. At the hearing the adverse party offered evidence to the contrary, consisting of an affidavit of the attorney for the plaintiff stating that he had sent to Chubbuck's post-office address in Illinois a registered letter enclosing a copy of the notice of publication clipped from a news-paper, and had received in reply thereto a registry re-turn card signed by Chubbuck, which was attached to the affidavit as an exhibit. This receipt bore date twenty-seven days before judgment was rendered. It was offered in evidence, as was the deposition of Chubbuck, in which he admitted his signature but stated that he had no recollection of signing the receipt nor of receiving a copy of the notice and would not swear that the letter did not contain a copy of the notice. On this evidence the court refused to open up the judgment, and Chubbuck complains.

It is seriously contended that section 77 of the code of civil procedure, which permits the adverse party to offer counter-affidavits, must be construed with such strictness as to prohibit the introduction of any other kind of testimony, and that the court erred in admitting in evidence the registry receipt and the deposition of the defendant because they were not affidavits. The registry receipt was a part of the affidavit of the plaintiff's attorney and was attached to it as an exhibit. The deposition was a verified written declaration of a witness, and therefore an affidavit. (*Hanna v. Barrett,* 39 Kan. 446; *Bank v. Bank,* 59 Kan. 354.) Besides, there is nothing in the statute which prohibits the court from hearing any competent evidence tending to show that the defendant had notice or knowledge of the pendency of the action in time to defend.

The judgment is affirmed.