Coos
No. 88-024

VALERIE NEWELL

v.

NEW HAMPSHIRE DIVISION OF WELFARE

AND

ROLAND COUTURE

November 4, 1988

*Law Offices of Jack P. Crisp, Jr.*, of Berlin (*Peter F. Kuntz* on the brief and orally), for the plaintiff.

*Stephen E. Merrill*, attorney general (*Susan S. Geiger*, assistant attorney general, and *Monica A. Ciolfi*, attorney, on the brief, and *Ms. Geiger* orally), for the State.

MEMORANDUM OPINION

SOUTER, J. This is an action for personal injuries allegedly resulting from the plaintiff's fall on stairs in a building owned by the defendant Couture and leased in part to the defendant division of welfare. The division moved for dismissal on the related grounds of sovereign immunity and the exclusive jurisdiction of the board of claims under RSA chapter 541-B (Supp. 1983), the version of the statute in effect at the time this case arose. In its orders denying the division's motion and subsequent request for reconsideration, the Superior Court (*McHugh*, J.) ruled, *inter alia*, that it had jurisdiction to hear the case on a contract theory of recovery, that the defense of sovereign immunity was not available to the division, and that RSA chapter 541-B (Supp. 1983) was unconstitutional. The division then brought this interlocutory appeal under Supreme Court Rule 8. We reverse.

The first question raised in the transfer asks whether RSA chapter 541-B (Supp. 1983), empowering the board of claims to hear personal injury claims against the State, is unconstitutional, either in failing to provide for jury trial of claims over $500, *see* N.H. CONST. pt. I, art. 20, or in failing to provide for the appointment of the board's members by the governor and council, *see* N.H. CONST. pt. II, art. 46. We answer no to each part of the question.

Article 20 excepts from its guarantee of jury trial "cases in which it has been heretofore otherwise used and practiced," language that refers to common law practice prior to 1784. *Hallahan v. Riley*, 94 N.H. 338, 339, 53 A.2d 431, 432 (1947). That use and practice reflected the State's immunity both to tort liability, *Sousa v. State*, 115 N.H. 340, 342, 341 A.2d 282, 284 (1975),

and to suit in its own courts without its consent. *Id.* There being consequently no right under article 20 to a trial by jury in an action against the State, that article does not prevent the State from retaining its immunity to suit in the courts at the same time it waives its immunity to liability in tort by submitting to the jurisdiction of the board of claims under RSA chapter 541-B (Supp. 1983).

 Like reasoning supports a finding of the constitutionality of adjudication by an administrative board, none of whose members is appointed by the governor and council, as against the objection that article 46 requires governor and council appointment of all judicial officers. Because the judicial power did not extend to actions against the State at common law, *Sousa v. State supra,* the reference to judicial officers in article 46 does not govern the appointment of those whose jurisdiction derives from a limited legislative waiver of the State's immunity to liability, *see Chasse v. Banas,* 119 N.H. 93, 96, 399 A.2d 608, 610 (1979), as effected by the enactment of RSA 541-B:9 (Supp. 1983). *See Opinion of the Justices,* 126 N.H. 554, 562, 493 A.2d 1182, 1188 (1985); *accord Opinion of the Justices,* 128 N.H. 17, 19, 509 A.2d 746, 747–48 (1986). The same analysis answers the plaintiff's belated suggestion that part I, article 37 of the State Constitution, mandating the separation of powers, is authority for a different answer from the one we give.

The second question presented is whether RSA 491:8, submitting the State to the superior court's jurisdiction in actions "founded upon any . . . contract with the state," applies in this case, on the theory that the plaintiff claims "rights as a third-party beneficiary of [the] lease between the State and [Couture]." Again, we answer no. The plaintiff's only argument for applying the State's waiver of immunity to actions on contract claims rests on the lease's provision that if Couture as the "landlord fails to maintain the Premises . . . , Tenant shall give Landlord written notice of such failure." The plaintiff maintains that the State's failure to notify Couture of negligently maintained stairs was a breach of the lease contract, entitling the plaintiff to recover as a third-party beneficiary.

 The untenability of this position is apparent, however, as soon as one reads on in the lease beyond the quoted language, which is followed by a provision for the tenant's right to make repairs at the landlord's expense, if the latter fails to act within thirty days of notice. The quoted provision, therefore, simply expresses a condition precedent of the tenant's right to charge the landlord for

work done, and it can not reasonably be construed as placing an affirmative duty on the tenant to give the notice, such that a failure to notify would be an act of breach. Since the State's failure to give notice could not, therefore, be treated as a breach, the plaintiff has no basis for suit on the lease contract even on the assumption *arguendo* that the plaintiff could otherwise qualify as a third-party beneficiary. *See Arlington Trust Co. v. Estate of Wood*, 123 N.H. 765, 767–68, 465 A.2d 917, 918 (1983).

■ Finally, the appeal questions "[w]hether the doctrine of sovereign immunity bars this personal injury action (which arose prior to July 3, 1985) [the effective date of amendments to RSA chapter 541-B (Supp. 1987)] against the State in Superior Court." We answer yes. In 1985 we indicated that we would defer any comprehensive reexamination of the constitutionality of sovereign immunity long enough to provide the legislature with an opportunity for a reasonable response to dissatisfaction with the doctrine. *Tilton v. Dougherty*, 126 N.H. 294, 300, 493 A.2d 442, 446 (1985); *State v. Brosseau*, 124 N.H. 184, 192, 470 A.2d 869, 874 (1983). A request to review legislation proposed on the subject prompted just such a reexamination in *Opinion of the Justices*, 126 N.H. 554, 493 A.2d 1182 (1985). In light of our opinion, the legislature passed Laws 1985, 412:3, amending RSA chapter 541-B (Supp. 1987) substantially into its present form. We assume that a comparison of our opinion with the subsequent legislation has dissuaded the plaintiff from briefing any general challenge to the constitutionality of the doctrine. In any case, she has made none, and we have no occasion to review the issues canvassed so recently in *Opinion of the Justices supra.*

The trial court's rulings are reversed and the case is remanded to the superior court for entry of a new order consistent with this opinion, granting the division of welfare's motion to dismiss.

*Remanded.*

All concurred.