Rockingham
No. 88-156

STEVEN H. SLOVENSKI *& a.*

v.

THE STATE OF NEW HAMPSHIRE,
DEPARTMENT OF PUBLIC WORKS AND HIGHWAYS

July 14, 1989

*Nixon, Hall & Hess P.A.*, of Manchester (*Francis G. Murphy, Jr.*, on the brief and orally), for the plaintiffs.

*Stephen E. Merrill*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

PER CURIAM. This is an appeal by the plaintiffs, Steven H. Slovenski and Wendy Slovenski, from orders of the Superior Court (*Temple*, J.) granting the State's motion to dismiss and denying the plaintiffs' motion to amend special declaration. The plaintiffs' claims against the State arise from injuries suffered by Steven Slovenski on February 1, 1985, when he was involved in a car accident on Route 4, in Northwood, allegedly caused by the negligence of the State of New Hampshire. The superior court granted the State's motion to dismiss, conditional on there not being any insurance coverage, finding that the court lacked jurisdiction since the statutory amendment granting the court jurisdiction did not become effective until July 3, 1985, five months after the plaintiff's accident. *See* RSA 541-B:9, IV (Supp. 1988). The superior court subsequently denied the plaintiffs' motion to amend special declaration to assert a common law cause of action against the State. Before this court, the plaintiffs argue that amendments to RSA chapter 541-B should be applied retroactively. In the alternative, they argue that RSA chapter 541-B, as it existed prior to its amendment, is unconstitutional. For the reasons that follow, we affirm the decisions of the superior court.

The plaintiffs allege the following facts. On February 1, 1985, Steven Slovenski was driving east on Route 4, a public highway in Northwood, when his car lost traction on the snow and ice covering the road. His car slid uncontrollably into the opposite lane of travel and was struck by an oncoming truck. He then collided with a stone post. As a result of the accident, he suffered severe fractures of his spine and other injuries.

In their suit against the State of New Hampshire, Department of Public Works and Highways, the plaintiffs allege negligent maintenance of Route 4 by the State because of its failure to monitor snowfall and conditions of the road and to maintain the road in a safe condition. The plaintiffs allege that the superior court has jurisdiction of this claim under RSA 541-B:9, IV (Supp. 1988), which provides that "the superior court shall have original and exclusive jurisdiction of all claims in excess of $50,000 against any agency." Steven Slovenski seeks to recover against the State agency for his injuries under RSA chapter 541-B, and demands judgment for the full amount permitted by RSA 541-B:14 (Supp. 1988), plus

costs and interest. Wendy Slovenski also alleges negligence on the part of the State and seeks to recover damages suffered due to the loss of her right of consortium with her husband and the loss of her husband's services.

The State filed a motion to dismiss, alleging that the statutory provision granting the superior court jurisdiction over such claims became effective only on July 3, 1985, see RSA 541-B:9, IV (Supp. 1988), and since the amendment applied "only to claims arising out of incidents occurring on or after the effective date of this act," Laws 1985, 412:16, there existed no basis for the superior court to acquire jurisdiction of this claim. The superior court granted the defendant's motion, conditioned on there not being any insurance coverage. See RSA 412:3. No policy of insurance was discovered that would cover the plaintiffs' claims. The plaintiffs then filed a motion to amend special declaration, arguing that if the amendments to RSA chapter 541-B do not apply retroactively, the plaintiffs have a common law cause of action notwithstanding the doctrine of sovereign immunity. The superior court denied the plaintiffs' motion to amend special declaration. It is from these two rulings that the plaintiffs appeal.

The plaintiffs raise two arguments before this court. First they assert that the 1985 amendments to RSA chapter 541-B should be applied retroactively. In the alternative, they argue that if the amendments do not apply retroactively, RSA chapter 541-B, in its pre-amendment form, is unconstitutional and that the plaintiffs are entitled, therefore, to pursue a common law remedy against the State.

The doctrine of sovereign immunity in this State has gone through several changes over the years. Sovereign immunity was originally a common law doctrine, see Sousa v. State, 115 N.H. 340, 342, 341 A.2d 282, 284 (1975); it was, however, codified by the legislature in 1978, see RSA ch. 99-D (Supp. 1988). In response to suggestions by this court, the legislature in 1977 enacted RSA chapter 541-B which served to mitigate partially the harshness of the doctrine by establishing a board of claims "to consider monetary awards to relieve innocent victims of the effects of the tortious acts of the State's agents." State v. Brosseau, 124 N.H. 184, 195, 470 A.2d 869, 876 (1983) (Douglas and Batchelder, JJ., concurring specially) (citing Sousa v. State, 115 N.H. at 344–45, 341 A.2d at 285); Laws 1977, ch. 595.

As originally enacted, RSA chapter 541-B limited tort recovery to $50,000 and placed exclusive jurisdiction of claims in the board of claims, with exceptions not relevant here. RSA 541-B:9, :14, I,

as enacted by Laws 1977, ch. 595. This court criticized, however, the statutory limit on tort recovery in *State v. Brosseau*, 124 N.H. 184, 470 A.2d 869. In that decision we noted, in dictum, that "[a]lthough [the] . . . ceilings imposed by the legislature [as to the amount of an award] are unreasonable, the legislature should be given a further opportunity to take corrective action, increasing the limits on recovery to a level which can satisfy, to a reasonable degree, the valid claims of injured parties, before the judiciary acts." *Brosseau, supra* at 192, 470 A.2d at 874–75.

In response, the General Court amended RSA chapter 541-B on July 3, 1985. In relevant part, the amendments provided that the superior court shall have concurrent jurisdiction with the board of claims on all claims in excess of $5,000 but not exceeding $50,000, RSA 541-B:9, III (Supp. 1988), and that the superior court shall have original and exclusive jurisdiction of all claims in excess of $50,000, with exceptions not relevant here. RSA 541-B:9, IV (Supp. 1988); *see* RSA 541-B:19 (Supp. 1988). The General Court further amended the statute by increasing the recovery limitation to "$250,000 per claimant and $2,000,000 per any single incident." RSA 541-B:14, I (Supp. 1988). The legislature made it clear, however, that the amendments were to be applied prospectively when it stated that "[t]he provisions of this act shall apply only to claims arising out of incidents occurring on or after the effective date of this act." Laws 1985, 412:16. We expressed our opinion, in an *Opinion of the Justices*, 126 N.H. 554, 493 A.2d 1182 (1985), that the increase in the recovery limitation per claimant was constitutional since the "limit adequately balances the competing interests of the State and of the personal injury plaintiff at this time." *Id.* at 568, 493 A.2d at 1192.

On appeal, the plaintiffs first assert that the 1985 amendments to RSA chapter 541-B should be applied retroactively. They reason that the legislature, through the amendments to RSA chapter 541-B, intended to create a comprehensive procedure to redress the procedural and financial inadequacies of the chapter as originally enacted, and that the amendments were intended to apply, therefore, to plaintiffs whose actions against the State arose prior to the effective date of the amendments. Furthermore, they argue that, because the amendments were remedial legislation, they are presumed to apply retroactively. *See Pepin v. Beaulieu*, 102 N.H. 84, 89, 151 A.2d 230, 235 (1959). Lastly, they claim that this court has the inherent authority to apply the 1985 amendments retroactively, so as to bring the statute into conformity with constitutional mandates. *See White v. Lee*, 124 N.H. 69, 77–78, 470

A.2d 849, 854 (1983) (statute construed to be constitutional where susceptible to such a construction).

We find these arguments in favor of the retroactive application of the statutory amendments to be unpersuasive. The statute clearly provides that "[t]he provisions of this act shall apply only to claims arising out of incidents occurring on or after the effective date of this act." Laws 1985, 412:16. This clear and precise statutory language undercuts the plaintiffs' claims that the comprehensive and remedial nature of the amendments indicates a presumption of retroactive application. As we have previously noted, "[w]hen the language used in a statute is clear and unambiguous, its meaning is not subject to modification by judicial construction." *State v. Kilgus*, 125 N.H. 739, 742, 484 A.2d 1208, 1211 (1984) (quoting *State v. Flynn*, 123 N.H. 457, 462, 464 A.2d 268, 271 (1983)). In this case, the clear language of the statute directly rebuts any presumption of retroactive application intended by the legislature.

The second argument raised by the plaintiffs is that if this court does not interpret the 1985 amendments to apply retroactively, RSA chapter 541-B and its recovery limitation, as originally enacted, are unconstitutional, and the plaintiffs are entitled, therefore, to pursue a common law remedy against the State. The plaintiffs cite this court's dictum in *State v. Brosseau*, 124 N.H. at 192, 470 A.2d at 874, that both the limitations on the amount which could be awarded by the board of claims without legislative approval and the $50,000 limit for any award were unreasonable; and they argue, therefore, that the limitations are unconstitutional. They further direct our attention to the test of constitutionality we applied in an *Opinion of the Justices*, 126 N.H. 554, 493 A.2d 1182, which inquires "whether the restrictions . . . place[d] on an injured person's right to recovery be not so serious that [they] outweigh[ ] the benefits sought to be conferred upon the general public." *Id.* at 559, 493 A.2d at 1186 (quoting *Brosseau*, 124 N.H. at 197, 470 A.2d at 878 (Douglas and Batchelder, JJ., concurring specially)).

We refrain, however, from taking up the constitutional analysis requested by the plaintiffs. In *State v. Brosseau*, a plurality of this court held that it was constitutionally appropriate to give the legislature a further opportunity to revise limits on recovery against the State before the court would reconsider the constitutionality of the doctrine of sovereign immunity. 124 N.H. at 192, 470 A.2d at 874–75. In so holding, the plurality implicitly ruled that the legislature had a reasonable time to act. Therefore, because the legislature responded in a reasonable time by amending RSA

chapter 541-B in 1985, in conformity with constitutional mandates, *see Newell v. N.H. Div. of Welfare*, 131 N.H. 88, 91, 550 A.2d 109, 111 (1988); *Opinion of the Justices*, 126 N.H. 554, 493 A.2d 1182, we will not embark upon a constitutional analysis of RSA chapter 541-B as it existed prior to its amendment.

■ Because of the above reasoning, we disagree with the plaintiffs' assertion that the 1985 amendments should be applied retroactively so as to make the statute conform with constitutional mandates. For the reasons stated, we affirm the decisions of the superior court.

*Affirmed.*