Rockingham
No. 90-220

JOHN MANCHENTON & a.

v.

AUTO LEASING CORP. & a.

March 9, 1992

*Marcotte Law Firm,* of Lowell, Massachusetts (*John P. Maynard* on the brief, and *Kathleen M. O'Donnell* orally), for the plaintiffs.

*Devine, Millimet & Branch P.A.,* of Manchester (*Matthias J. Reynolds* and *James M. Costello* on the brief, and *Mr. Costello* orally), for the defendants.

THAYER, J.    The plaintiffs appeal the Superior Court's (*Hollman, J.*) order granting the defendants' summary judgment motion. This case involves an automobile accident in which defendant Auto Leasing Corporation's stolen vehicle, while being negligently operated by a thief, collided with the plaintiffs' vehicle giving rise to personal injury and wrongful death claims. On appeal, the plaintiffs contend that the trial court erred as a matter of law in finding that RSA 265:72 was not applicable to this case and in determining that the defendants' negligence was superseded by an intervening event relieving the defendants from liability. We affirm the trial court's grant of summary judgment.

Sometime between 8:30 p.m. on June 15, 1987, and 8:00 a.m. on June 16, 1987, Frederick Kania's vehicle was stolen from the private parking lot next to the apartment house where he resided in Portsmouth. Auto Leasing Corporation owned the vehicle and leased it to Raytheon Company. Raytheon entrusted the vehicle to its employee, Mr. Kania. At the time of the theft, the car was left unlocked and unattended. Mr. Kania also might have left the vehicle's keys inside the car, either in plain view or in the ignition. Approximately six days later, on June 21, 1987, the stolen vehicle was involved in a head-on collision with the plaintiffs' car on Route 28 in Windham. Mark Hilton, who stole the vehicle, was driving negligently when the accident occurred. As a result of the accident, Rita Manchenton suffered fatal injuries, and John and Edward Manchenton suffered severe and permanent injuries.

John, Edward, and the estate of Rita Manchenton, the plaintiffs, commenced suit against Mark Hilton, Auto Rental Corporation, Raytheon Company and Frederick Kania. Mr. Hilton, who is currently imprisoned for the crimes which he committed in connection with this incident, never filed an answer in this matter, was subsequently defaulted, and is not a party to this appeal. The claims against the remaining defendants center on the allegation that Mr. Kania violated RSA 265:72 by leaving the car unattended, unlocked, and with the keys either in the ignition or in plain view inside the car. The plaintiffs claimed that Mr. Kania's violation of this statute facilitated the theft and, thus, was a proximate cause of the harm they ultimately sustained. Alternatively, the plaintiffs claimed that Mr. Kania's actions amounted to common law negligence and proximately caused their injuries.

On March 21, 1990, the defendants collectively moved for summary judgment and, in support, submitted the deposition of Mr. Kania and its attached exhibits: the accident report and the pleadings from the criminal action against Mr. Hilton. The plaintiffs objected to the motion.

After a hearing, the court granted the defendants' motion. In its order, the court explicitly stated that, for the purpose of ruling on the motion, it was assuming that Mr. Kania left his keys inside the car, either in plain view or in the ignition. The court, however, found that RSA 265:72 was not applicable because the "defendants' vehicle was not parked on a 'way' as defined in RSA 259:125." The trial court further found, as a matter of law, that any negligence committed by Mr. Kania was not a proximate cause of the harm sustained by the plaintiffs.

On appeal, the plaintiffs assert the following: (1) the defendants' motion for summary judgment was fatally defective because it was not accompanied by an affidavit based upon the personal knowledge of an individual competent to testify at trial as required by RSA 491:8-a, II; (2) the trial court erred as a matter of law in finding that RSA 265:72 does not apply to the defendants' conduct and therefore cannot provide the basis for the plaintiffs' negligence suit; and (3) the trial court erred as a matter of law in holding that no reasonable person could find that the defendants' negligence was a proximate cause of the plaintiffs' injuries.

■ Pursuant to RSA 491:8-a, the trial court is obligated to grant summary judgment when, after considering all the evidence presented in the light most favorable to the non-moving party, no genu-

ine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Heaton v. Boulders Properties, Inc.*, 132 N.H. 330, 335, 566 A.2d 1127, 1130 (1989); *see also ERA Pat Demarais Assoc's v. Alex. Eastman Found.*, 129 N.H. 89, 92, 523 A.2d 74, 76 (1986).

We first address the plaintiffs' contention that the defendants' motion for summary judgment did not satisfy the technical requirements of RSA 491:8-a. The statute provides, in part: "Any party seeking summary judgment shall accompany his motion with an *affidavit* based upon personal knowledge of admissible facts as to which it appears affirmatively that the affiants will be competent to testify." RSA 491:8-a, II (emphasis added). The defendants did not submit an affidavit along with their motion for summary judgment, but did submit the deposition of Mr. Kania. The plaintiffs contend that the submission of a deposition does not satisfy the affidavit requirement of RSA 491:8-a, II. Although we have previously stated that a motion for summary judgment that is not accompanied by an affidavit must be denied, *Brown v. John Hancock Mut. Life Ins. Co.*, 131 N.H. 485, 490, 558 A.2d 822, 824 (1989); *Daigle v. City of Portsmouth*, 131 N.H. 319, 329, 553 A.2d 291, 297 (1988); *Omiya v. Castor*, 130 N.H. 234, 237, 536 A.2d 194, 196 (1987), we have not previously considered whether a deposition may be submitted in place of an affidavit.

A deposition is defined as the testimony of a witness reduced to writing, under oath or affirmation, by oral examination or in response to written interrogatories, and with the opportunity of cross-examination. *See Accident Indemnity Insurance Co. v. Feely*, 181 So. 2d 889, 891 (Ala. 1966); *State v. Lord*, 42 N.M. 638, 660, 84 P.2d 80, 94 (1938). An affidavit is "a written statement, under oath, sworn to or affirmed by the person making it before some person who has authority to administer an oath or affirmation." *Mountain States Resources, Inc. v. Ehlbert*, 195 Mont. 496, 503, 636 P.2d 868, 872 (1981) (quoting *State v. Knight*, 219 Kan. 863, 867, 549 P.2d 1397, 1401 (1976)). The terms are dissimilar in that a deposition is generally taken with notice to the adverse party, and with an opportunity for cross-examination. *See Arizona Real Estate Dept. v. Arizona Land T. & T. Co.*, 14 Ariz. App. 509, 511, 484 P.2d 662, 664 (1971). Additionally, depositions may be used as evidence at trial, *see* N.H. R. Ev. 804(b)(1), whereas affidavits are generally not admissible as independent evidence of material facts at trial, *see* N.H. R. Ev. 802; 3 AM. JUR. 2d *Affidavits* § 30, at 490 (1986). More important however, as the definitions above reveal, depositions are fundamentally similar to

affidavits in that both are written statements, *but see* SUPER. CT. R. 45 (permitting videotaped depositions), that are sworn to before an authorized officer. Thus, although the distinctions between a deposition and an affidavit are well defined, it is apparent that testimony given in the form of a deposition may also satisfy the definition of affidavit. *See Chubbuck v. Beaty*, 80 Kan. 789, 790, 104 P. 558, 559 (1909) (deposition was a verified, written declaration of a witness and therefore an affidavit). Here, the deposition of Mr. Kania consisted of a statement that was reduced to writing, sworn to, and made before a person having the authority to administer an oath. Accordingly, we hold that the defendants' submission of the deposition of Mr. Kania with their motion for summary judgment was sufficient to satisfy the affidavit requirement of RSA 491:8-a, II.

The plaintiffs also argue that Mr. Kania's deposition does not satisfy the requirements of RSA 491:8-a because, even if it is equivalent to an affidavit, it contains inconsistent statements regarding the location of his car keys at the time of the theft resulting in a genuine issue of material fact. However, at the hearing on the defendants' motion for summary judgment, the court expressly assumed, for the purpose of ruling on the motion, that the keys were left inside the car, either in plain view or in the ignition. Additionally, plaintiffs' counsel agreed during this hearing that the court's assumption satisfied the concerns she had about the inconsistencies in Mr. Kania's deposition.

We now address the plaintiffs' contention that Mr. Kania's conduct is governed by RSA 265:72. This statute provides:

> "No person driving or in charge of a vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the way."

RSA 265:72. We assume, for the purpose of deciding this question, that Mr. Kania left his key in the ignition.

"[A] causal violation of a statutory standard of conduct constitutes legal fault in the same manner as does the violation of a common law standard of due care . . . ." *Moulton v. Groveton Papers Co.*, 112 N.H. 50, 52, 289 A.2d 68, 71 (1972). As a general rule, whether a statute applies in a particular case is a preliminary question of law for the trial court to determine. *Lupa v. Jensen*, 123 N.H. 644, 646, 465 A.2d 513, 514 (1983). The proper determination is whether the harm that occurred was within the risk of danger

against which the statute was designed to protect. *See Bagley v. Controlled Environment Corp.*, 127 N.H. 556, 561, 503 A.2d 823, 827 (1986) (violation of statutorily defined standard of care arises from harm that the statute was intended to guard against); *Moulton*, 112 N.H. at 52, 289 A.2d at 70–71 (finding that statute provided a standard of conduct intended to protect against the harm that occurred); *see also* RESTATEMENT (SECOND) OF TORTS § 286 (1965). We do not find it necessary to decide today whether RSA 265:72 was enacted to protect against the harm that occurred here because, regardless of the purpose of the statute, we would still agree with the trial court's finding that the parking lot in which Mr. Kania's vehicle was located at the time of the theft does not come within the statute.

RSA 265:1 provides: "The provisions of this title relating to the driving of vehicles refer exclusively to the driving of vehicles upon ways except where a different place is specifically referred to in a given section . . . ." (Emphasis added.) Thus, RSA 265:1 limits the applicability of RSA 265:72 to "ways." The legislature has defined "way" as "any public highway, street, avenue, road, alley, park or parkway, or . . . any private parking lot which is maintained primarily for the benefit of paying customers." RSA 259:125, I. Together, RSA 265:1 and RSA 259:125, I, limit the application of RSA 265:72 to "public" ways or "private parking lot[s] . . . maintained primarily for the benefit of paying customers."

The trial court found that RSA 265:72 did not apply because Mr. Kania's car was parked in a private parking lot, which did not come within the definition of "way" as set forth in RSA 259:125, I, when it was stolen. However, in arguing that RSA 265:72 applies, the plaintiffs do not contend that the parking lot in issue was "maintained primarily for the benefit of paying customers"; that is, they do not argue that the lot was a "way" within the meaning of RSA 259:125, I. Instead, the plaintiffs argue that RSA 265:72 is a public safety statute and therefore its application should not be limited to "way" as defined in RSA 259:125, I, but rather should be broadly construed to apply to "all parking areas" whether public or private.

■ ■ "It is a basic precept of statutory construction that the definition of a term in a statute controls its meaning." *Appeal of Rehab. Assoc's of N.E.*, 131 N.H. 560, 565, 556 A.2d 1183, 1186 (1989). To adopt the plaintiffs' argument would require us to ignore the plain meaning of the statutes in order to conform them to these facts. We will not modify, through judicial construction, the legislature's explicit definition of the term "way" as contained in the statute. *See*

*Slovenski v. State*, 132 N.H. 18, 22, 561 A.2d 1072, 1075 (1989). Therefore, we agree with the trial court and hold that RSA 265:72 does not apply to these facts.

The plaintiffs also argue that the defendants are liable under general common law negligence principles. Specifically, they contend that Mr. Kania breached his duty of ordinary care to the plaintiffs when he left his car keys within the unlocked and unattended vehicle. We assume, for the purpose of deciding the plaintiffs' common law claim, that Mr. Kania in fact left his keys in the vehicle either in the ignition or in plain sight. Although several jurisdictions have considered this same issue, it is a question of first impression for this court.

"In order to recover for negligence, a plaintiff must show that 'there exists a duty, whose breach by the defendant causes the injury for which the plaintiff seeks to recover.'" *Goodwin v. James*, 134 N.H. 579, 583, 595 A.2d 504, 507 (1991) (quoting *Rounds v. Standex International*, 131 N.H. 71, 76, 550 A.2d 98, 101 (1988)); *see also* W. KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 30, at 164–65 (5th ed. 1984). Generally, persons will not be found negligent if they could not reasonably foresee that their conduct would result in an injury to another or if their conduct was reasonable in light of the anticipated risks. *See Goodwin*, 134 N.H. at 583, 595 A.2d at 507. Thus, "[d]uty and foreseeability are inextricably bound together." *Corso v. Merrill*, 119 N.H. 647, 651, 406 A.2d 300, 303 (1979). As noted recently in *Goodwin*, we derive our concepts of duty and foreseeability from Chief Justice Cardoza's majority opinion in *Palsgraf v. Long Island Railroad Co.*, 248 N.Y. 339, 162 N.E. 99 (1928). *See Goodwin*, 134 N.H. at 583–84, 595 A.2d at 507. "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension." *Palsgraf*, 248 N.Y. at 344, 162 N.E. at 100. Thus, persons owe a duty of care "only to those who are foreseeably endangered by [their] conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous." *Corso*, 119 N.H. at 651, 406 A.2d at 303 (quoting 2 F. HARPER & F. JAMES, THE LAW OF TORTS § 18.2, at 1018 (1956)). Further, whether a defendant's conduct creates a sufficiently foreseeable risk of harm to others sufficient to charge the defendant with a duty to avoid such conduct is a question of law. *See Paquette v. Joyce*, 117 N.H. 832, 834–35, 379 A.2d 207, 209 (1977). Accordingly, we must determine the extent of a motor vehicle owner's common law duty to prevent the theft of his vehicle for the protection of third persons who might suffer injury by the negligent driving of a thief.

The majority of courts which have considered this issue have held that a motor vehicle accident caused by a thief, who was able to steal an automobile because the owner failed to remove the key from the ignition, does not create liability for the owner. *See Richardson v. Carnegie Library Restaurant, Inc.*, 107 N.M. 688, 699, 763 P.2d 1153, 1164 (1988) (substantial number of courts have held owners who left keys in their unattended vehicle not liable to third persons for injuries resulting from subsequent negligence of thief); *Flannery v. Sample Hart Motor Co.*, 194 Neb. 244, 247, 231 N.W.2d 339, 342 (1975) (vast majority of courts deciding cases involving key-in-ignition issue have denied liability in absence of applicable statute); W. KEETON ET AL., *supra* § 44, at 313–14 (great majority of courts "have refused to hold defendant liable, either with or without a car-locking ordinance"); *see generally* Annotation, *Liability of Motorist Who Left Key in Ignition for Damage or Injury Caused by Stranger Operating the Vehicle*, 45 A.L.R.3d 787 (1972). Many courts have chosen to deny recovery to similarly situated plaintiffs on the ground that defendants who leave their keys in the ignition owe no duty to persons subsequently injured because the actions of a thief and the thief's subsequent negligent driving are not reasonably foreseeable. *See, e.g., Joyce v. M & M Gas Co.*, 672 P.2d 1172, 1174 (Okla. 1983) (finding that owner who left keys inside truck did not create an unreasonable risk of harm to persons who might be injured by negligent driving of thief); *Flannery*, 194 Neb. at 248, 231 N.W.2d at 342 (finding that failure of owner to remove keys does not constitute negligent omission or breach of duty owed to person injured by thief); *see also* RESTATEMENT (SECOND) OF TORTS, § 302B, comment *d*, illustration 2 (1965).

▇▇▇ Contrary to the plaintiffs' assertions, there is nothing in the record to suggest that merely by failing to remove his keys Mr. Kania created an unreasonable risk of injury to these particular plaintiffs. The immediate cause of the plaintiffs' injuries was the negligent driving of the thief. As Mr. Kania left it, his automobile was harmless where parked and threatened no injury to the plaintiffs. Moreover, even if Mr. Kania should have reasonably foreseen the theft, the incompetent driving that caused the plaintiffs' injuries was not reasonably foreseeable. Not every risk that might be foreseen gives rise to a duty to avoid a course of conduct; a duty arises because the likelihood and magnitude of the risk perceived is such that the conduct is unreasonably dangerous. *See Corso*, 119 N.H. at 651, 406 A.2d at 303. "Nearly all human acts, of course, carry some recog-

nizable but remote possibility of harm to another." W. KEETON ET AL., *supra* § 31, at 170. Here, the events which caused the plaintiff's tragic injuries were not a reasonably foreseeable danger to be guarded against under these circumstances. Therefore, we hold that Mr. Kania owed no common law duty to members of the general public to remove his keys from his vehicle.

Accordingly, we affirm the granting of the defendants' summary judgment motion.

*Affirmed.*

All concurred.