Hillsborough-southern judicial district
No. 94-155

### ANSEL S. GRANDMAISON AND ROBERT DURANT

v.

### PAUL MARTEL, CHIEF FINANCIAL OFFICER, TREASURER, AND TAX COLLECTOR FOR THE CITY OF NASHUA

September 27, 1995

*Bolton Law Offices, P.A.*, of Nashua (*Steven A. Bolton* on the brief and orally), for the plaintiffs.

*Mark J. Bennett*, corporation counsel, of Nashua, on the brief and orally, for the defendant.

BROCK, C.J. The plaintiffs, Ansel S. Grandmaison and Robert Durant, appeal the Superior Court's (*Dalianis*, J.) grant of the defendant's motion for summary judgment in this action for declaratory judgment and injunctive relief. The plaintiffs assert that the Nashua Board of Aldermen's (board) passage of a certain ordinance violated the Nashua City Charter (charter). We affirm.

The plaintiffs are elected members of the Nashua Board of Public Works (BPW). The defendant, Paul Martel, is the chief financial

officer, treasurer, and tax collector for the City of Nashua. In 1989, the board created by ordinance a wastewater system fund and a series of sewer use fees. The board enacted this ordinance with the prior approval of the BPW. The ordinance provides that

> [a]ll revenues from sewer use fees, connection charges and other revenues related to the collection and treatment of wastewater will be credited to this fund and all expenditures for the operation and maintenance of the system, and other obligations of the system, *including capital replacements and improvements*, will be charged to this fund. The earnings and other reserves of the system will be retained in this fund. *Surplus retained earnings will not be used for any purpose other than those specified above without the prior approval of the board of public works.*

NASHUA REVISED ORDINANCES art. V, § 18-181 (emphasis added). The director of public works administers the sewer use fees.

The plaintiffs contend that the board violated the charter by enacting a sewer rate increase in 1993 (rate increase) without a prior request from the BPW. The increase was effected by amendment of NASHUA REVISED ORDINANCES art. V, § 18-183, which was originally enacted at the same time as section 18-181. Section 62 of the charter provides that "[t]he board of aldermen shall make no appropriation for any purpose other than fixed charges and general maintenance and repairs, unless an appropriation for that purpose has first been requested by the board of public works." Viewed alone, the rate increase does not violate the charter because it is not, on its face, an appropriation. Relying on section 18-181, however, the plaintiffs contend that any sewer rate increase enacted by the board without the request or authorization of the BPW violates section 62 of the charter because rate increases augment the amount of money in the fund, and capital expenditures are made from the fund.

Both parties moved for summary judgment, essentially arguing that the ordinance and charter provisions alone necessitated judgment in their respective favors. The superior court declined to rule on these motions, considering the purpose of the rate increase to be a material fact. It accordingly asked the parties to submit affidavits regarding the purpose of the rate increase amendment.

Plaintiff Grandmaison submitted an affidavit asserting that the purpose of the rate increase was to increase revenue to the wastewater system fund, and that because capital expenditures are paid out of the fund, the purpose "included the raising of funds for capital expenditures and reserves." The defendant submitted his

own affidavit, along with affidavits from the mayor and the director of public works for the City of Nashua. Each affidavit asserted that the purpose of the rate increase was to provide for fixed charges and proper general maintenance and repairs of the sewer system.

"[T]he trial court is obligated to grant summary judgment when, after considering all the evidence presented in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Manchenton v. Auto Leasing Corp.*, 135 N.H. 298, 300–01, 605 A.2d 208, 210 (1992); *see* RSA 491:8-a, III (1983). In this case, the trial court concluded that the plaintiffs' claim concerns the administration of the wastewater system fund, not the enactment of the rate increase, and therefore granted summary judgment in favor of the defendant. We agree.

■ The plaintiffs contend that because the rate increase will make more funds available for capital expenditures, the *enactment* of the rate increase violates section 62 of the charter. The charter prohibits the board from making any "appropriation for any purpose other than fixed charges and general maintenance and repairs," NASHUA REVISED ORDINANCES § 62, unless the BPW has previously requested such an appropriation. The enactment of a fee increase is not an "appropriation." An "appropriation" is "a sum of money set aside or allotted by official or formal action for a specific use." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 106 (unabridged ed. 1961). Nothing in the rate increase section provides for any specific use of the funds so raised.

■ We agree with the trial court that any "official or formal action" that would "set aside" funds raised by the rate increase would be a part of the *administration* of the wastewater system fund. Accordingly, no appropriation was made in the *enactment* of the rate increase, and we affirm the superior court's granting of the defendant's motion for summary judgment.

*Affirmed.*

All concurred.